IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LESTER FLETCHER**, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. PJM 05-3454 |
| | * | |
| **ALLSTATE INSURANCE COMPANY**, | * | |
| | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff Lester Fletcher has filed a *pro se* Complaint against his insurer Allstate Insurance Company (Allstate) alleging breach of fiduciary relationship and duties. The matter is before the Court on Allstate's unopposed Motion to Dismiss.

No hearing is necessary to dispose of this matter. *See* Local R. 105.6 (D. Md. 1999). For the reasons set forth below, the Court will GRANT Allstate's Motion to Dismiss.[1]

I.

In his complaint, Fletcher alleges that Allstate breached its fiduciary relationship and duties to him by neglecting to mail a copy of his contract to him when he initially paid Allstate for insurance coverage; by initiating "investigative litigation" against him related to the fire damage;

---

[1] On January 5, 2006, Allstate filed its Motion to Dismiss and certified to the Court that it mailed a copy of the Motion to Fletcher at his address of record. That same day, the Clerk of Court mailed him a letter informing him that a dispositive motion had been filed and that his case could be dismissed if he failed to file an appropriate response. His brief in opposition was due by January 23, 2006, but no response or motion seeking leave to file out of time was received by the Court. Regardless, any opposition would be futile given that the Complaint states no legally cognizable theory of recovery and therefore the Motion must be granted.

1

by requiring him to produce "documents unrelated to the loss of property"; and by refusing to provide the original contract to him upon his request to determine the validity of that contract.

The relevant facts alleged in the Complaint are these:

On or about September 26, 2003, Fletcher suffered fire damage to his property located at 9355 Darcy Road, Upper Marlboro, Maryland. At the time of the fire, Allstate provided him with a homeowner's insurance policy, a form of first party insurance. Fletcher notified Allstate about the loss "with anticipation of receiving the appropriate compensation for damages, due to losses as contracted." Upon notification, Allstate began an investigation into the cause of the fire. During the investigation that ran from approximately September 2003 to November 2004, Allstate requested many documents from Fletcher including statements of finances, income, expenses and taxes that were allegedly unrelated to the claim for fire damage and noticed a deposition of Fletcher. On or about October 11, 2004, following its investigation, Allstate denied coverage of the loss. Fletcher was informed that his claim was being denied because his policy excluded coverage for fire damage due to vandalism or vacancy of property. On receiving this response, Fletcher contended that he had never received a copy of his insurance policy so as to be able to determine the issue of coverage for himself. He allegedly requested a new copy, but his request was denied.

On or about September 23, 2005, Fletcher sued Allstate in the Circuit Court of Maryland for Prince George's County, setting forth the above detailed allegations in support of a claim for breach of fiduciary relationship and duties. Allstate removed the case to this Court on the basis of diversity jurisdiction and its Motion to Dismiss followed.

II.

A plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a court may not dismiss a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Labram v. Havel*, 43 F.3d 918, 920 (4th Cir. 1990). The court must accept as true all well-pleaded factual allegations in the complaint and must view them in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Finlator v. Powers*, 902 F.2d 1158, 1160 (4th Cir. 1990). The court, however, is not obliged to accept the plaintiff's legal conclusions based on the alleged facts. *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979). A complaint that fails to state a legal claim will be dismissed. *Id.*

III.

Fletcher's Complaint asserts a claim for breach of fiduciary relationship and duties. Allstate's Motion to Dismiss argues that Fletcher has improperly pled a tort claim in what is essentially a breach of contract action. The Court agrees with Allstate.

Under Maryland law, "a breach of contract does not typically give rise to an action in tort." *Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476 (4th Cir. 2001). In *Hartz*, the Fourth Circuit recognized that "[t]he Maryland Court of Appeals has repeatedly held that the duty which is owed to an insured for failure to settle a claim sounds in contract and not in tort." *Id.* at 476 (citing *Jones v. Hyatt Ins. Agency, Inc.*, 356 Md. 639, 741 A.2d 1099 (Md. 1999)); *see also Johnson v. Federal*

3

*Kemper Ins. Co.*, 74 Md. App. 243, 536 A.2d 1211, 1213 (Md. Ct. Spec. App.1988) ("[W]e hold that Maryland does not recognize a specific tort action against an insurer for bad faith failure to pay an insurance claim."), *cert. denied*, 313 Md. 8, 542 A.2d 844 (Md. 1988). "Generally, where the essence of a relationship is contractual and the essence of the claimed dereliction by a defendant is failure to perform the contract, a cause of action arising from such dereliction is not available in tort but is available only in contract." *Parks v. CAI Wireless Sys., Inc.*, 85 F. Supp. 2d 549, 556 (D. Md.2000) (citing *Baird v. C & P Tel. Co. of Baltimore*, 208 Md. 245, 117 A.2d 873 (Md. 1955)).

In *Stephens v. Liberty Mut. Fire Ins. Co.*, 821 F. Supp. 1119 (D. Md. 1993), plaintiffs, homeowners insured by the defendant, brought an action alleging breach of contract and breach of fiduciary duty based on defendant's "allegedly unreasonable withholding of payments" under a homeowners' insurance policy. Plaintiffs accused defendant of "intentionally and deliberately" violating the fiduciary duty it owed them "with evil motive, intent to injure and ill will." *Id.* at 1119-20. After surveying applicable Maryland law, District Court concluded that "Maryland cases demonstrate[] that disputes between an insurer and insured do not belong in the category of hybrid contract/tort claims" and that they are "quintessential disagreements over the application and enforcement of a contract." *Id.* at 1122. Accordingly, it granted summary judgment in favor of the defendant on the tort claim. *Id.* at 1123.

Fletcher's Complaint likewise reflects a classic disagreement over the application and enforcement of a homeowner's insurance policy. Although an insurer's denial of coverage might in some circumstances constitute a breach of contract, a claim plainly not brought by Fletcher here, the fact remains that in Maryland, "[a] contractual obligation, by itself, does not create a tort duty." *Mesmer v. Md. Auto. Ins. Fund*, 353 Md. 241, 725 A.2d 1053, 1058 (Md. 1999); *see also Hartz*, 269

4

F.3d at 476 (does not "let[] such actions expand to tort proportions."). Where "the essence of the claimed injury is [a] defendant's failure to perform [a] contract," the "appropriate cause of action . . . is a claim for breach of contract." *Parks*, 85 F. Supp. 2d at 556 (citing *Baird*, 117 A.2d at 873). The Court concludes that the Complaint fails to state a claim for relief.

IV.

In any event, there is a second reason why Allstate is entitled to have its motion granted. That is because, as the Court of Special Appeals concluded in *Johnson*, the law does not have to "impose any fiduciary duties on the insurer" in a first party claim such as this because the matter may still be pursued as a "traditional dispute between the parties to a contract." 74 Md. App. at 247, 536 A.2d 1211.

V.

For the foregoing reasons, Allstate's Motion to Dismiss is GRANTED.

A separate order will be ENTERED.

_____/s/_____
**PETER J. MESSITTE**
**June 30, 2006**                         **UNITED STATES DISTRICT JUDGE**